IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDREW W. STEWART,                :
                                  :
    Petitioner            :   CIVIL NO. 4:CV-04-0974
                                  :
v.                                :   (Judge Jones)
                                  :
COMMONWEALTH OF                   :
PENNSYLVANIA,                     :
    Respondent            :

## **ORDER**

November 28, 2005

## **THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Petitioner, Andrew W. Stewart ("Petitioner or "Stewart"), an inmate formerly incarcerated at the Centre County Prison, filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("the Petition"). (Rec. Doc. 1). Petitioner has paid the required filing fee. In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), an Order was issued advising the Petitioner that: (1) he could have the document ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition absent certification by the court of appeals, or (2) withdraw his petition and file one, all-inclusive § 2254 petition within

the one-year statute of limitations period prescribed by 28 U.S.C. § 2244(d). (Rec. Doc. 5). Stewart responded by submitting a Notice of Election on July 29, 2004, in which he opted to have his petition considered as filed. (Rec. Doc. 6). Thereafter, the Court issued an Order to show cause, directing Respondent to respond to the petition. (Rec. Doc. 7). On September 16, 2004, Respondent filed an answer to the petition, and supporting memorandum and exhibits. ( Rec. Docs. 14-16). No traverse has been filed. The Petition is presently ripe for disposition and, for the reasons that follow, the Petition is denied.

## **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On May 4, 1995, after a jury trial, Stewart was convicted of two counts of insurance fraud, one count of receiving stolen property, one count of theft by deception, and one count of criminal attempt to commit theft. (Rec. Doc. 16, Ex. C, Verdict Slip). On July 7, 1995, Stewart was sentenced to two concurrent terms of incarceration of eleven and one-half to twenty-three and one-half months. (Rec. Doc. 16 Exs. D, E, Sentencing Orders). Stewart filed a post-sentence motion and a motion for reconsideration of sentence, which were denied by the trial court in an Order dated November 30, 1995. (Rec. Doc. 16, Ex. G, Opinion in Support of Order dated November 30, 1995).

On December 28, 1995, Stewart filed a direct appeal to the Pennsylvania Superior Court, from the denial of his motion for a new trial. He raised the following grounds for relief:

> (1) The trial court erred in overruling Defendant's trial counsel's objection to the introduction of certain evidence and testimony.
>
> (2) The trial court err when it failed to grant the Defendant an evidentiary hearing to determine if his post-trial motions regarding ineffectiveness of counsel were of merit.
>
> (3) The Defendant was denied his constitutional right to testify either because of trial court error or ineffective assistance of counsel.

(Rec. Doc. 16, Ex. H, Opinion of Superior Court). By Memorandum Opinion dated December 19, 1997, the Pennsylvania Superior Court affirmed the judgment of sentence, but also ruled that the ineffective assistance of counsel claims had arguable merit and remanded the case for an evidentiary hearing on these claims. (Rec. Doc. 16, Ex. H, Opinion of Superior Court); See Commonwealth v. Stewart, 706 A.2d 1259 (Pa. Super 1997)(unpublished memorandum). On July 24, 1998, the Pennsylvania Supreme Court denied Stewart's petition for allowance of appeal. See Commonwealth v. Stewart, 725 A.2d 1220 (Pa. 1998).

On October 9, 1998, the trial court held an evidentiary hearing on Stewart's two ineffective assistance of counsel claims raised in his direct appeal. On June 23, 1999,

the trial court issued an Opinion and Order, denying Stewart's motion for new trial based on claims of ineffective assistance of counsel, (Rec. Doc. 16, Ex. J). On July 20, 1999, Stewart filed a direct appeal to the Pennsylvania Superior Court from the trial court's denial of his ineffective assistance of counsel claims. By Memorandum Opinion dated August 30, 2000, the Pennsylvania Superior Court affirmed the trial court's decision. See Commonwealth v. Stewart, 764 A.2d 1129 (Pa. Super 2000)(unpublished memorandum); (Rec. Doc. 16, Ex. K). By Order dated March 15, 2001, the Pennsylvania Supreme Court denied Stewart's petition for allowance of appeal. Commonwealth v. Stewart, 771 A.2d 1283 (Pa. 2001); (Rec. Doc. 16, Ex. L).

By Order dated April 4, 2001, the trial court ordered Stewart to commence service of his sentence on May 4, 2001. (Rec. Doc. 16, Ex. M).

On August 21, 2001, Stewart filed a counseled petition under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Const. Stat. §§ 9541-9546. (Rec. Doc. 16, Ex. N). In his Petition, Stewart asserted three claims of ineffectiveness of counsel. (Rec. Doc. 16, Ex. N). Following a hearing, in an Opinion and Order dated May 29, 2002, the PCRA court dismissed the Petition as untimely. (Rec. Doc. 16, Ex. Q).

On June 19, 2002, Stewart filed an appeal from the PCRA Court's dismissal to the Pennsylvania Superior Court. He raised the following grounds for relief;

>   (1) Did the lower court err in determining that the PCRA court was untimely filed and dismiss for an erroneous reason?
>
>   (2) Did the lower court in determining to dismiss the PCRA as untimely so to ignore established law as to use of this disposition to cause Andrew Stewart's sentence of parole to end before an adjudication on the merits?

Commonwealth v. Stewart,   No. 971 MDA 2002; (Rec. Doc. 16, Ex., R, Superior Court Opinion).  By Memorandum Opinion dated May 8, 2003, the Pennsylvania Superior Court determined that Stewart's original judgement of sentence did not become final for PCRA purposes until June 13, 2001; ninety days after the Pennsylvania Supreme Court denied allowance of appeal from the Superior Court's August 30, 2000 Opinion and when the period to file a petition for writ of certiorari with the United States Supreme Court expired.  (Rec. Doc. 16, Ex. R, p. 6).  As a result, the Court found that Stewart's PCRA petition, filed on August 21, 2001, was timely filed within one year of final judgment.  (Rec. Doc. 16, Ex. R, p. 7). The Superior Court did not address Stewart's second issue, finding that it had not been initially advanced before the PCRA Court.[1]  Thus, the Superior Court reversed the

---

[1]   Although the Pennsylvania Superior Court did not address Stewart's second issue, they did point out in a footnote that Stewart made no attempt to stay the running of his sentence and "it may be that upon remand Stewart can no longer establish any entitlement to relief.  See 42 Pa. C.S.A. § 9543(a)(1)(i); Commonwealth v. Ahlborn, 699 A.2d

order of the PCRA Court granting the Commonwealth's motion to dismiss the PCRA petition as untimely, and remanded the case for further proceedings.

On June 12, 2003, the Commonwealth filed a second motion to dismiss the PCRA petition, arguing that the Defendant was no longer eligible for PCRA relief because his sentence had expired on April 18, 2003 and he is no longer serving a sentence of imprisonment, probation or parole for the crime. (Rec. Doc. 16, Ex. S). Defendant conceded to the Commonwealth's position. (Rec. Doc. 16, Ex. U). By Opinion and Order dated October 27, 2003, the PCRA court granted the Commonwealth's motion and dismissed Stewart's PCRA petition. (Rec. Doc. 16, Ex. V). No appeal was taken from this Order.

On May 3, 2004, Stewart filed the instant Petition for habeas corpus relief. He asserts the following grounds for relief:

(1) Ineffective assistance of trial and appellate counsel.

(2) PCRA Court erroneously dismissed Petitioner's PCRA petition.

(Doc. 1, petition).

---

718, 721 (Pa. 1997). That will have to be determined along with all other matters relating to eligibility for relief which must be established by a PCRA petitioner, by the PCRA Court." (Doc. 16, Ex. R, p. 7).

**DISCUSSION**

For a federal court to have jurisdiction over a habeas petition brought by a state prisoner pursuant to 28 U.S.C. § 2254 the state prisoner must show that he is "in custody pursuant to the judgment of a State court." Lackawanna County Dist. Atty. v. Coss, 532 U.S. 394, 401 (2001) (quoting 28 U.S.C. § 2254(a)). While this "in custody" requirement is liberally construed, "a petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed." Obado v. New Jersey, 328 F.3d 716, 717 (3d Cir.2003). The Third Circuit has explained that "[t]he meaning of 'custody' has been broadened so that it is no longer limited in the § 2254(a) context to physical custody alone but also applies where individuals are subject both to 'significant restraints on liberty ... which were not shared by the public generally,' along with 'some type of continuing governmental supervision.' " Id. at 717 (quoting Barry v. Bergen County Probation Dep't 128 F.3d 152, 160 (3d Cir.1997)). The Third Circuit elaborated in an earlier decision that "an individual who is required to be in a certain place--or in one of several places--to attend meetings or to perform services, is clearly subject to restraints on his liberty not shared by the public generally." Barry, 128 F.3d at 161. On the other hand, the Third Circuit has held that "[t]he payment of restitution or a fine, absent more, is not the sort of 'significant

restraint on liberty' contemplated in the 'custody' requirement of the federal habeas corpus statutes." Obado, 328 F.3d at 718.

Here, at the time Petitioner filed his federal Petition, he was not incarcerated, on parole, on probation, nor is there an indication that he was otherwise "required to be in a certain place-or in one of several places-to attend meetings or to perform services" as part of his 1995 conviction and sentence - the conviction Stewart now attacks. Thus, the Court cannot entertain the merits of his federal Petition. Even if Petitioner were attacking his 1995 conviction and sentence insofar as it was used to enhance a later sentence for another crime which Petitioner is now serving, such an attack would be precluded. The Supreme Court has made clear that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." Coss, 532 U.S. at 403-04.

The Supreme Court has recognized two exceptions to this general rule. First, the Court recognized that a petitioner may challenge his current sentence where it was

"enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment." Id. at 404. "Second, the Court suggested, but expressly chose not to define, an exception in 'rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own.'" Drakes v. INS, 330 F.3d 600, 605 (3d Cir.2003) (quoting Daniels v. United States, 532 U.S. 374, 383 (2001)).  For instance, "a state court may, without justification, refuse to rule on a constitutional claim that has been properly presented to it," Coss, 532 U.S. at 405 (citing 28 U.S.C. § 2244(d)(1)(B) (1994 ed., Supp. V)), or "after the time for direct or collateral review has expired, a defendant may obtain compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner," Coss, 532 U.S. at 405 (citing Brady v. Maryland, 373 U.S. 83, 83 (1963) and 28 U.S.C. § 2244(b)(2)(B) (1994 ed., Supp. V)).  Neither exception applies here.

Petitioner was represented by counsel at all stages of all proceedings.  Further, Petitioner has not argued that this is one of those "rare cases" where he did not have a channel of review for his claims, nor could he argue as much.  The Petition advances ineffective assistance of counsel claims based on counsel's decision not to call certain witnesses at trial. Petitioner had adequate opportunity to raise this issue and other

claims in the state courts and, in fact, such issues were previously raised. Thus, Petitioner is precluded from attacking his 1995 conviction in this Court.

**IT IS HEREBY ORDERED THAT:**

1. The Petition (Rec. Doc. 1), is **DENIED**.

2. The Clerk of Court shall **CLOSE** this case.

3. There is no basis for the issuance of a certificate of appealability

s/ John E. Jones III
John E. Jones III
United States District Judge
